IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FREDERICK WILLIAM MALBRUE III, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CASE NO. 6:26-CV-33-LS-DNM |
| FEDERAL EXPRESS CORPORATION and JOHN DOE, | § § § § | |
| Defendants. | § | |

**REPORT AND RECCOMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF FREDERICK WILLIAM MALBRUE III'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [DKT. NO. 10]**

TO:   THE HONORABLE LEON SCHYDLOWER,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), Federal Rule of Civil Procedure 72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff Frederick William Malbrue III's Motion for Leave to File his First Amended Complaint. Dkt. No. 10. For the reasons below, the Court **RECOMMENDS** that the District Judge **GRANT** Malbrue's Motion and **REMAND** this case to the 146th Judicial District Court of Bell County, Texas.

**I. ANALYSIS**

Malbrue wishes to file an amended complaint that adds Cross Road Trucking, Inc., Defendant Federal Express Corporation's service provider at the time of the events giving rise to this lawsuit, as a defendant. *Id.* Malbrue further asks this Court to remand the case to the 146th Judicial District Court of Bell County, Texas, because Cross Road Trucking is a Texas citizen. *Id.*

at 3; Dkt. No. 10-3. Joining Cross Road Trucking would thus destroy complete diversity and divest this Court of its subject-matter jurisdiction under United States Code Title 28, Section 1447(e). The Court may, however, permit joinder of a non-diverse defendant and remand to state court if it finds that the balance of the equities weigh in favor of doing so. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). FedEx does not oppose the Motion. Dkt. No. 10 at 9. Indeed, FedEx is the party that identified Cross Road Trucking as a potential defendant. *Id.* at 2–3.

Having considered the Motion, the fact that FedEx is unopposed to the Motion, the applicable law, and the record in this case, the Court finds that the balance of equities favors permitting Cross road Trucking's joinder under Section 1447(e). Doing so, however, destroys this Court's diversity jurisdiction, and thus requires remand. Given the lack of opposition to the Motion, the Court finds that joinder and remand are in the best interests of the parties and the case as whole. Thus, the Court should grant Malbrue leave to file his amended complaint, join Cross Road Trucking as a defendant, and remand the case to the 146th Judicial District Court of Bell County, Texas.

## II. CONCLUSION

Because the equities favor joinder, Section 1447(e) requires remand when a court joins a non-diverse defendant, and the Motion is unopposed, the Court **RECOMMENDS** that the District Judge **GRANT** Malbrue's Motion for Leave to File and, because granting the Motion will destroy the Court's diversity jurisdiction, **REMAND** this case to the 146th Judicial District Court of Bell County, Texas, as Section 1447(e) requires.

### III. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 5th day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE